**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KATHRYN POTTER, | No. 11-15338 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01174-MSB |
| v. | |
| TINA HORNBECK, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Marsha S. BERZON, Circuit Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

California state prisoner Kathryn Potter ("Potter") appeals the denial of her

petition for a writ of habeas corpus alleging that her conviction for second-degree

murder violated due process.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Potter's conviction arose from the death of twelve-year-old Christopher Cejas ("Christopher"). The evidence at trial showed that Andrew Cejas ("Cejas"), Potter's putative husband and Christopher's father, beat the child to death. Potter was in the apartment she shared with Cejas during the beating and in the hours afterward but did nothing to protect Christopher or seek medical care for him.

The district court had jurisdiction over Potter's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253.

We review de novo the district court's denial of a prisoner's petition for a writ of habeas corpus. *Woods v. Sinclair*, 655 F.3d 886, 896 (9th Cir. 2011) (citing *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007)). Potter must show that the state court's adjudication of her claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S 652, 664 (2004)).

Potter argues that under California law, a person who has care and custody of a minor and fails to seek medical aid for the child cannot be convicted of

second-degree implied malice murder on the basis of that omission. She asserts that the trial court erred in instructing the jury to the contrary and violated clearly established federal law as determined by the Supreme Court of the United States in *Sandstrom v. Montana*, 442 U.S. 510 (1979), and *Bouie v. City of Columbia*, 378 U.S. 347 (1964). We conclude that Potter's challenges to her conviction for second-degree implied malice murder are procedurally defaulted because she failed to raise them before the California Court of Appeal. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *People v. Potter*, Nos. C052634, C053349, 2007 WL 4305547, at *7 (Cal. Ct. App. Dec. 10, 2007).

If we were to address the merits of Potter's claims, we would conclude that the jury instructions given in Potter's case did not violate due process. In 1977, the California Court of Appeal concluded that a father's failure to feed his son supported a conviction for second-degree implied malice murder when the infant starved to death. *People v. Burden*, 140 Cal. Rptr. 282, 288–89 (Cal. Ct. App. 1977). Potter's assertion that *People v. Whisenhunt*, 186 P.3d 496 (Cal. 2008), reached a contrary result is incorrect. The jury instructions given at Potter's trial did not relieve the State of the burden of proof on any element of second-degree murder in violation of *Sandstrom*. Nor did they constitute an unforeseeable judicial enlargement of a criminal statute in violation of *Bouie*.

Potter contends that the trial court violated due process when it failed to instruct the jury on the necessity defense *sua sponte*. A criminal defendant is "entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Matthews v. United States*, 485 U.S. 58, 63 (1988). In a collateral attack on a state conviction, the question is whether the instructional error "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Even if there was sufficient evidence to support a necessity defense, Potter cannot demonstrate prejudice. The California Court of Appeal was correct in concluding that a jury that rejected the duress defense could not have found that all elements of the necessity defense were satisfied.

Potter also challenges the sufficiency of the evidence supporting her second-degree murder conviction. The jury was instructed on two theories of second-degree murder: (1) implied malice murder and (2) aiding and abetting child abuse with death as a natural and probable consequence. We must affirm Potter's conviction if either of these two legal theories is supported by the evidence. *See Sochor v. Florida*, 504 U.S. 527, 538 (1992) (citing *Griffin v. United States*, 502 U.S. 46 (1991)). We conclude that Potter's challenge to the sufficiency of the

evidence supporting the implied malice murder theory is procedurally defaulted. *See Coleman*, 501 U.S. at 729–30; *Potter*, 2007 WL 4305547, at \*7. If we were to reach the merits of Potter's sufficiency of the evidence challenge, we would conclude, for the reasons stated by the district court, that her conviction for implied malice murder was supported by the evidence.

**AFFIRMED.**